**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NICOLE LYNN B.,**

                                               **Plaintiff,**

      **vs.**
                                                    **5:21-CV-00301**
                                                    **(MAD/DJS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                               **Defendant.**

_____

**APPEARANCES:**                               **OF COUNSEL:**

**OLINSKY LAW GROUP**          **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **AMELIA STEWART, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on March 16, 2021, appealing the Commissioner of

Social Security's ("Commissioner") decision to deny Plaintiff's application for Social Security

Disability Insurance benefits and Supplemental Security Income benefits. *See* Dkt. No. 1 at ¶ 1.

On February 14, 2022, in accordance with the parties' stipulation for remand, Dkt. No. 20, this

Court ordered the decision to be reversed pursuant to sentence four of 42 U.S.C. § 405(g), and

that the case be remanded for further administrative proceedings, *see* Dkt. No. 22.  Plaintiff filed a

motion for attorneys' fees under the Equal Access to Justice ("EAJA") on May 5, 2022, seeking a

total of $4,811.51.  *See* Dkt. No. 23-1 at ¶ 9.  Defendant filed a response in which the

Commissioner does not object to Plaintiff's requested amount but instructs that the fee award

should only be made payable directly to Plaintiff's counsel if, at the time of the award, Plaintiff

does not owe a debt to the Government that is subject to offset.  *See* Dkt. No. 24.

Currently before the Court is Plaintiff 's motion for attorneys' fees under the EAJA, 28

U.S.C. § 2412.  *See* Dkt. No. 23.

## II. DISCUSSION

The EAJA provides as follows:

> [A] court shall award to a prevailing party ... fees and other
> expenses ... incurred by that party in any civil action ... including
> proceedings for judicial review of agency action, brought by or
> against the United States in any court having jurisdiction of that
> action, unless the court finds that the position of the United States
> was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).  In order for a party to be awarded attorneys' fees under the EAJA, the

plaintiff must demonstrate that he or she is: 1) is the prevailing party; 2) eligible to receive an

award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5)

demonstrate that the position of the United States was not substantially justified.  *See id.* §

2412(d)(1)(B).  To be eligible for an award under the EAJA, the party must not have a net worth

that exceeds $2,000,000 at the time that the action was filed.  *See id.* § 2412(d)(2)(A).  A district

court has broad discretion when determining the reasonableness of attorneys' fees and may make

appropriate reductions to the fee requested as necessary.  *See Walker v. Astrue*, No. 04–CV–891,

2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).

Plaintiff alleges in her motion that she prevailed, her net worth is less than $2,000,000, and the government was not substantially justified in its position. *See* Dkt. No. 23-7 at 1; Dkt. No. 23-2.

The Supreme Court has held that remand under the fourth sentence of 42 U.S.C § 405(g) grants a plaintiff "prevailing-party status (under [28 U.S.C.] § 2412(d)(1)(B))." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Further, under the EAJA, "the required 'not substantially justified' allegation imposes no proof burden on the fee applicant." *Scarborough v. Prinicpi*, 541 U.S. 401, 414 (2004). It is "nothing more than an allegation or pleading requirement," and the burden is on the government to establish that their actions were substantially justified. *Id.*

Here, Plaintiff has satisfied all of the requisite requirements for an award of attorneys' fees under the EAJA. As such, the Court will address the reasonableness of the requested amount.

Plaintiff seeks attorneys' fees of $4,881.51: $4,221.51 for 19.7 attorney hours and $590 for 5.9 paralegal hours. *See* Dkt. No. 23-1 at 2. In support of this, Plaintiff provided time records showing a total 25.6 hours of work. *See* Dkt. No. 23-4. In the Northern District, "the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Parsons v. Commissioner of Social Sec.*, No. 07-CV-1053, 2008 WL 5191725, *1 (N.D.N.Y. Dec. 10, 2008). In reviewing the time records supplied by Plaintiff's counsel, there appear to be no unreasonably billed hours, and therefore the Court finds these time expenditures reasonable.

When awarding attorneys' fees, "[a] district court has broad discretion when determining the reasonableness of attorney's fees and may make appropriate reductions to the fee requested as

necessary." *Veronica B. v. Commissioner of Social. Sec.*, No. 20-cv-598, 2021 WL 5040217, *1 (N.D.N.Y. Oct. 29, 2021) (citing *Walker v. Astrue*, No. 04–CV–891, 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008)).

 Plaintiff calculated hourly rate based on the Annual Consumer Price Index ("CPI") for 2021. *See* Dkt. No. 23-3. The EAJA provides that the hourly rate should not be "in excess of $125 per hour" but allows for courts to adjust that rate based on cost-of-living. 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff used the average annual CPI of 1996, when the EAJA was first passed, the average annual CPI of 2021, and the $125 identified by the statute to calculate the proportional hourly in 2021 to be $217.72. *See id.* Plaintiff's counsel then seemingly adjusted this downward to $214.29 per hour. *See* Dkt. No. 23-1 at 2. Recently, in a similar case, this Court found that $209.52 per hour for attorneys and $100 per hour for paralegals to be reasonable and comports with rates awarded in similar cases. *See Veronica B.*, 2021 WL 5040217, at *2. As such, the Court finds the requested hourly rate of $214.29 for attorneys and $100 for paralegals reasonable.

 Awards under the EAJA are payable to the litigant, "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Plaintiff waived direct payment of the fees, instead assigning them to be paid directly her attorney. *See* Dkt. No. 23-2. Defendant did not object to this, only reiterating that the fee award is subject to Plaintiff's debts owed to the government, if any. *See* Dkt. No. 24. As such, the fee award will be paid directly to Plaintiff's attorney, subject to any government debts owed by Plaintiff.

### III. CONCLUSION

 Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees (Dkt. No. 23) is **GRANTED** in the amount of $4,811.51; and the Court further

**ORDERS** that, if the United States Department of the Treasury determines that Plaintiff owes no debt that is subject to offset, this award shall be paid directly to Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 28, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5